## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-14280-MAYNARD[1]

SHON A. BROOKS, and
LEAH M. BROOKS,

      Plaintiffs,

v.

REBECCA IVY WHITE, in her
official capacity as Judge of the
Nineteenth Judicial Circuit, *et al.*,

      Defendants.

_____/

### REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Plaintiffs Shon A. Brooks and Leah M. Brooks' *pro se* Emergency Motion for Temporary Restraining Order, DE 4, and related Verified *Ex Parte* Affidavit of Exigent Circumstances Under Rule 65(b)(1)(B), DE 5. Both filings appear as pending Motions in the CM/ECF filing system. Having reviewed the record and governing law, I respectfully **RECOMMEND** that both Motions be **DENIED** for the following reasons.

### BACKGROUND

On August 11, 2025, the *pro se* Plaintiffs began this lawsuit by filing a "Verified Complaint for Deprivation of Property Without Due Process of Law and Violations of Civil Rights Under 42 U.S.C. §1983 and the First, Fourth, Fifth and Fourteenth Amendments to the

---

[1] This non-prisoner *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts.gov/sites/flsd/files/adminorders/2025-11.pdf. Based on the circumstances of this particular case, I am issuing a Report and Recommendation and will be simultaneously issuing a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

United States Constitution."   DE 1.   Attached to the complaint are 456 pages of exhibits consisting primarily of state court records relating to foreclosure proceedings involving Plaintiffs.  DE 1-2, DE 1-3, DE 1-4.  The complaint is brought against two state court judges; three mortgage companies and servicers; a law firm representing one of the mortgage companies; the Indian River County Clerk of Court; and the Indian River County Sheriff.  DE 1 at 5.

At its core, the complaint asserts that a state foreclosure judgment entered on July 3, 2025, is void because it was obtained through fraud and unconstitutional processes.   The complaint alleges a coordinated scheme involving private mortgage servicers and judicial officers to procure a foreclosure judgment without abiding by due process standards.   The following background information is based on my review of the complaint, the complaint's attachments, the underlying state court docket,[2] and the pair of motions seeking emergency relief on an *ex parte* basis.

On April 10, 2024, Defendant United Wholesale Mortgage, LLC ("UWM") filed a foreclosure action in the Nineteenth Judicial Circuit in and for Indian County, Florida (Case No. 2024CA000218) against Plaintiffs and others regarding real property located at 5820 33rd Street, Vero Beach, Florida (the "Property").   State Court Docket Entry 4; *see also* DE 1-4 at 110-37.  On July 2, 2025, the matter proceeded to trial before a state court judge.  State Court Docket Entry 273.  On July 23, 2025, the state trial court entered an Amended Final Judgment

---

[2] This Court may take judicial notice of the contents of the state court records in reviewing the instant Motions because Plaintiffs' complaint references the state court matter case and it is clearly central to the claims raised. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020). Based on this authority, I take judicial notice of the following underlying state court civil case: *United Wholesale Mortgage, LLC v. Brooks, et al.*, 19th Judicial Circuit of Florida, Indian River County (Case No. 2024CA000218).  The state court docket is publicly accessible by going to the Indian River County Clerk of Circuit Court's website at https://indianriverclerk.com/ and searching case number "2024CA000218".

of Foreclosure in favor of UWM and further found that Plaintiffs' asserted counterclaim "for organized scheme to defraud and communications claim was not proven at trial."  State Court Docket Entry 307.  The Amended Final Judgment set a foreclosure sale for the Property on August 13, 2025.  *Id*.

On July 30, 2025, Plaintiffs filed a notice of appeal with the Fourth District Court of Appeal.  State Court Docket Entry 313.  On August 12, 2025, Plaintiff Shon Brooks filed a suggestion of bankruptcy in the state court docket stating that he had filed a bankruptcy proceeding in the Bankruptcy Court for the Southern District of Florida that day (Case Number 25-19280).  State Court Docket Entry 329.  On August 13, 2025, the state court issued an order canceling the foreclosure sale and ordering the parties to advise the court of any change in status in the bankruptcy case.   State Court Docket Entry 337.

Around the same time, on August 11, 2025, Plaintiffs filed this separate federal action *pro se* raising various claims relating to the foreclosure proceedings and asserting that Defendants' actions "reflect a persistent pattern of procedural disregard and retaliation against pro se litigants, amounting to a de facto policy or custom that violates federal constitutional rights."  DE 1 at 33.  The complaint alleges claims for deprivation of property without due process of law; violation of constitutional rights under color of state and federal law; conspiracy to deprive constitutional rights; constructive denial of access to courts; systemic judicial misconduct in violation of public policy and constitutional guarantees; and declaratory relief. As relief, Plaintiffs seek a declaration that the foreclosure judgment entered against them is "void ab initio," that a Florida statutory provision be deemed unconstitutional as applied, that specified credit bureau and records pertaining to Plaintiffs be corrected, and that compensatory/punitive damages be awarded.  *Id.* at 34-35.  On the same day the complaint was

3

filed, Plaintiffs also filed the instant Motions seeking a TRO on an emergency basis to "prevent an unconstitutional foreclosure sale scheduled for August 13, 2025 at 10:00 am" and enjoin further foreclosure action.  DE 4 at 15.

## DISCUSSION

Federal Rule of Civil Procedure 65(b), which governs TROs, requires a verified showing of immediate, irreparable harm and an explanation why notice to the adverse party should not be required.  Specifically, a court may issue a TRO without written or oral notice to the adverse party only if:

(A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

It is well established in this Circuit that a TRO is an "extraordinary and drastic remedy" that should not be granted unless the movant clearly carries the burden of persuasion on each element.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Cunningham v. Adams*, 808 F.2d 815, 819 (11th Cir. 1987); *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). The purpose of a TRO is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (discussing preliminary injunctions); *Granny Goose Foods Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (discussing TROs).  To establish entitlement to a TRO, a movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) entry of relief would serve the public interest. *See KH Outdoor, LLC v. City*

*of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006); *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). Failure to show any on of these elements is fatal. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016).

Here, for several reasons, Plaintiffs fall short of establishing entitlement to a TRO. First, Plaintiffs have not sufficiently demonstrated that they are threatened with irreparable and imminent injury. Plaintiffs claim a need for immediate relief to stop the foreclosure, however the underlying state court record demonstrates that the at-issue foreclosure sale has been canceled pending ongoing federal bankruptcy proceedings involving Plaintiff Shon Brooks. *See* State Court Docket Entry 337 (state court order, issued August 13, 2025, canceling the foreclosure sale pending bankruptcy proceedings).

Second, Plaintiffs did not comply with Rule 65's requirements insofar as they have not indicated what specific efforts were made to give notice of their "emergency" motions or reasons why notice of these motion should not be required. Despite Plaintiffs' *pro se* status, this alone requires denial of the motion. *Ragan v. Blakely*, 2022 WL 635425, at *3 (S.D. Ga. Feb. 10, 2022) ("Courts have found that *pro se* parties are not excused from [Rule 65's notice] requirement."); *VanDeCruze v. Nationstar Mortg. LLC*, 2018 WL 3391349, at *2 (M.D. Fla. May 1, 2018); *see Moon v. Newsome*, 863 F.3d 835, 837 (11th Cir. 1989).

Third, Rule 65 provides that a TRO is inappropriate unless "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Here, Plaintiffs have not tendered or offered to tender security to satisfy this requirement. *Cataldi v. N.Y. Comty. Bank*, 2014 WL 359954, at *3 (N.D. Ga. Feb. 3, 2014) ("Plaintiff has not offered

to tender any amount as security for a TRO and the Court may not enter a TRO pursuant to Rule 65 without that security.").

Lastly, Plaintiffs are faced with significant jurisdictional hurdles rendering them unable to show a substantial likelihood of success on the merits. Federal courts generally do not function as appellate tribunals over state courts and there are legal principles that bar federal courts from reviewing final state court decisions. Plaintiffs' requested relief—an order to declare a state foreclosure judgment "void" and to enjoin ongoing foreclosure proceedings—implicates these general prohibitions. For example, under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review state court judgments or interfere with ongoing state proceedings that are "inextricably intertwined" with those judgments. *Parker v. Potter*, 368 F. App'x 945, 947-48 (11th Cir. 2010) (remanding case with order to dismiss claims under *Rooker-Feldman* doctrine where plaintiff sought to invalidate foreclosure judgment). Plaintiffs' express request to deem the underlying foreclosure "void" implicates *Rooker-Feldman*.

In addition, jurisdictional principles of *res judicata* may apply here. In *Symonette v. Aurora Loan Servs., LLC*, 631 Fed. Appx. 776, 778 (11th Cir. 2015), the Eleventh Circuit affirmed the dismissal of wrongful foreclosure claims on this basis under similar circumstances. Here, as in *Symonette*, the four elements required to establish *res judicata* under Florida law are satisfied for the following reasons: (1) Plaintiffs' federal suit is for the same thing as the foreclosure suit, a determination of title to property; (2) the causes of action are identical because the "facts essential to the maintenance of [the] federal action [are] identical to those facts which were essential to the maintenance of the prior state action," *id*.; (3) both Plaintiffs

and UWM were parties to the foreclosure action; and (4) both "had the incentive to adequately litigate the claims in the same character or capacity" as they would in this action." *Id*.

Lastly, the *Younger* abstention doctrine requires federal courts to abstain from interfering with ongoing state proceedings. Courts in this district have applied *Younger* to decline jurisdiction in similar state foreclosure-related cases. *See Johnson v. Miami-Dade Cnty. Sheriff*, 2022 WL 14813741, at *2 (S.D. Fla. Oct. 26, 2022) (dismissing *pro se* plaintiff's case for lack of subject matter jurisdiction under *Younger* where plaintiff sought "to prevent the state court foreclosure post-judgment proceedings from occurring"). Like *Johnson*, Plaintiffs seek relief that would unduly interfere with ongoing state proceedings, such foreclosure proceedings implicate an important state interest, and Plaintiffs have adequate state remedies available to them.

## **RECOMMENDATION**

As discussed above, Plaintiffs have not satisfied the requirements for an *ex parte* TRO and the relief they seek implicates significant jurisdictional concerns. Accordingly, I respectfully **RECOMMEND** that Plaintiffs' motions seeking extraordinary relief on an emergency and *ex parte* basis, DE 4, DE 5, be **DENIED**.

## **NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and

Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 5th day of September, 2025.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE